**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONNA K. PEARSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-cv-0699-MJR |
| ) | |
| **VILLAGE OF GREENUP, ILLINOIS,** ) | |
| **FBI, DIRECTOR OF FBI, MAYOR OF** ) | |
| **GREENUP, ILLINOIS, NANCY SOWERS,** ) | |
| **MONTY SHUPE, ZHONNA BROWN,** ) | |
| **WENDELL KEMPER, RICK SHEPARD,** ) | |
| **LINDA HORNBECK, TODD KEMPER,** ) | |
| **CUMBERLAND COUNTY SHERIFF,** ) | |
| **CUMBERLAND COUNTY SHERIFFS** ) | |
| **OFFICE, CUMBERLAND COUNTY,** ) | |
| **CUMBERLAND COUNTY** ) | |
| **PROSECUTORS OFFICE, BARRY** ) | |
| **SCHAFFER, CUMBERLAND COUNTY** ) | |
| **CLERKS OFFICE, STATE OF ILLINOIS** ) | |
| **and CITY OF GREENUP,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Background**

On September 3, 2009, Donna K. Pearson, *pro se*, filed a complaint against the above-named Defendants for violation of federal election and privacy laws, violation of the Americans with Disabilities Act and RICO conspiracy as well as state law claims of perjury, libel and slander. The case, originally filed in the United States District Court for the Central District of Illinois, was transferred to the Southern District of Illinois, pursuant to 28 U.S.C. § 1391(b), on September 4, 2009. The undersigned Judge was then randomly assigned to the case.

Underlying Pearson's claims is her dissatisfaction with the Village of Greenup's

handling of her filing to run for election in the Village. On September 9, 2009, the Court, in assessing whether to grant Pearson leave to proceed *in forma pauperis*, ordered Pearson to show cause why Defendants, the FBI, Director of the FBI, Mayor of Greenup, Illinois, Monty Shupe, Zhonna Brown, Wendell Kemper, Rick Shepard, Linda Hornbeck, Todd Kemper, Cumberland County Sheriff, Cumberland County Sheriff's Office, Cumberland County, Cumberland County Prosecutor's Office, Barry Schaffer, Cumberland County Clerk's Office and State of Illinois, should not be dismissed from this action for failure to provide factual content that would allow this Court to reasonably infer that these Defendants were liable to her for the violations alleged.

On September 15, 2009, Pearson filed her response, and the Court again undertakes review of Pearson's complaint, response and motion for leave to proceed *in forma pauperis*.

## II.  Analysis

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. *See* **28 U.S.C. § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement ... of any suit ... without prepayment of fees or security therefor....")**. Before a federal court can grant pauper status, however, it must carefully screen the complaint filed by the *pro se* litigant. Indeed, **28 U.S.C. § 1915(e)(2)** requires federal courts to *dismiss* any complaint if (a) the allegation of poverty is untrue; (b) the action is frivolous or malicious; (c) the action fails to state a claim upon which relief can be granted; or (d) the action seeks monetary relief against a defendant who is immune from such relief.

In reviewing Pearson's complaint, the Court bears in mind that it must construe *pro se* complaints liberally. ***Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)*; Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)**. More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Pearson's favor. ***See Jogi v. Voges,* 425**

F.3d 367, 371 (7th Cir. 2005) (citing *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).

Pearson has established that she is indigent (*see* Doc. 2), so the Court finds her allegation of poverty to be truthful. However, although construed liberally, her complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure, and the Court finds that she has failed plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

In Pearson's complaint, she claims that she filed to run for election in the Village of Greenup, Illinois. She submits that Greenup discriminated against her by requiring "different amounts of signatures" for various offices in the Village. Pearson alleges that Defendant Nancy Sowers committed perjury in attesting that Pearson had given her "sealed Federal election documents." She claims that Greenup conspires against people who run for election by opening sealed elections materials, showing those materials to another individual and having this latter individual sign a statement to remove people from the ballot. Pearson alleges that the Village and its elected officials have slandered her and committed libel. She also claims that she was discriminated against "[a]s a handicapped individual."

In her response to the order to show cause, Pearson added that the Cumberland County Clerk never stops a petition for election and does not attend electoral board hearings. She states that board members review petitions for office and eliminate those where there is something wrong with the signatures, not enough signatures or the signatory is not registered to vote in the County. She alleges that the electoral board pays people to show up to contest documents filed by persons running for office. She further alleges that voter registration forms containing social security numbers are publicly accessible. She contends that the State of Illinois, the FBI, the Director of the FBI, the Sheriff's Office, the Sheriff, the Prosecutor's Office, Barry Schaefer and Cumberland County are liable for not taking action when they know that election laws are being broken. Pearson seeks $500 million from each Defendant.

Pearson's claims are both sketchy and implausible. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "As the Court held in *Twombly*, ... the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* **129 S.Ct. 1937, 1949 (citing *Twombly,* 590 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. **(quoting *Twombly* at 555).** "Nor does a complaint suffice if it tenders 'naked assertion[s]" devoid of "further factual enhancement." *Id.* **(quoting *Twombly* at 557)**.

The Court has a role as a gatekeeper to prevent "a plaintiff with 'a largely groundless claim' from being allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly,* **550 U.S. 544, 557-558**, **(citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (quoting *Blue Chip***

*Stamps v. Manor Drug Stores*, **421 U.S. 723, 741 (1975)**). "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" ***Id.* (citing 5 Wright & Miller § 1216, at 233-234) (quoting** *Daves v. Hawaiian Dredging Co.***, 114 F.Supp. 643, 645 (D.Hawaií 1953);** *see also Dura, supra***, at 346;** *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.***, 289 F.Supp.2d 986, 995 (N.D.Ill. 2003) (Posner, J., sitting by designation))**.

Pearson's complaint states no plausible claim for relief, *i.e.,* her claims, even if accepted as true, fail to show that she would be entitled to relief, as they "are conclusory and not entitled to be assumed true." *Iqbal,* **129 S.Ct.  at 1941**.  Because Pearson has "not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." ***Twombly*, 550 U.S. at 570.**

### III.  Conclusion

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), the Court **DENIES** Pearson leave to proceed *in forma pauperis* (Doc. 2) and **DISMISSES** this complaint without prejudice.

**IT IS SO ORDERED.**

**DATED this 9th day of December, 2009.**

                                           **s/Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**